Tom W. Sharp, ID #00791643
BLALACK & WILLIAMS, P.C.
4851 LBJ Freeway, Ste. 750
Dallas, TX 75244
214/630-1916; 214/630-1112 (fax)
Attorneys for Wichita Falls Federal Credit Union

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(WICHITA FALLS DIVISION)

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 18-70127 |
| TRAVIS PENCE and JENNIFER PENCE ) | |
|     Debtor(s) ) | |
| ) | |
| WICHITA FALLS FEDERAL CREDIT ) | |
| UNION ) | |
|     Movant ) | Prelim. Hearing Date: March 13, 2019 |
| ) | Prelim. Hearing Time: 10:30 a.m. |
| vs. ) | |
| ) | |
| TRAVIS PENCE and JENNIFER PENCE ) | |
|     Debtor(s)/Respondent(s) ) | |

MOTION OF WICHITA FALLS FEDERAL CREDIT UNION
FOR RELIEF FROM AUTOMATIC STAY

**ANSWER REQUIRED. THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE AN ANSWER TO ANY MOTION FOR RELIEF FROM AUTOMATIC STAY WITHIN FOURTEEN (14) DAYS FROM THE SERVICE OF THE MOTION. THE DEBTOR(S)' ANSWER SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR(S) DO NOT FILE AN ANSWER AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

    NOW COMES WICHITA FALLS FEDERAL CREDIT UNION, the holder of a claim in

the above numbered and entitled case and files this, its Motion for Relief from Automatic Stay and as grounds therefore would respectfully show the Court as follows:

1. This Court has jurisdiction over this matter by virtue of the jurisdiction conferred upon it under 28 U.S.C. §157 which characterizes this matter as a "core proceeding" arising in a case under Title 11.

2. Movant is the holder of a secured claim in this case. The Debtor, whether one or more, is indebted to Movant as follows: $30,176.19. True copies of the loan documents evidencing the Debtor(s)' indebtedness to Movant are attached hereto.

3. Securing repayment of that indebtedness, the Debtor(s) gave Movant a security interest, mortgage or lien in the following property: One (1) 2008 Lincoln Navigator, VIN 5LMFL275X8LJ18901 and One (1) 2014 Ford Escape, VIN 1FMCU0J92EUB61864. The nature of the Debtor(s)' pledge of that property, either in the form of security interest, mortgage or other lien, is more particularly set forth in the documentation evidencing that pledge, true copies of which are attached hereto. Movant is the holder of a valid, subsisting and perfected lien in the property described above, whether by way of direct pledge, or enforceable future advances and cross-collateralization clauses contained in the loan documents attached.

4. The Debtor(s) have defaulted in the repayment of their loan obligation to Movant. Movant is entitled to foreclose upon its security interest, mortgage or lien, subject to the constraints imposed under 11 U.S.C. §362.

5. Movant would show that the One (1) 2008 Lincoln Navigator has retail value of $12,475.00 pursuant to nada.com and the One (1) 2014 Ford Escape retains a retail value of $14,525.00 pursuant to the February 2019 Edition of the NADA Official Used Car Guide.

6.      Movant would urge that it is entitled to relief from the automatic stay under 11 U.S.C. §362 (d)(1) upon the ground that its interest in its collateral is not adequately protected. In support thereof, Movant would show that the property securing its claim continues to depreciate in value during the pendency of this case without a corresponding reduction in the loan balance secured thereby.

7.      Movant would urge that it is entitled to relief from the automatic stay under 11 U.S.C. §362 (d)(1) upon the ground that its interest in its collateral is not adequately protected. In support thereof Movant would show that, at the time the Debtor's loan application was considered and approved, Movant took into consideration, bargained for and obtained an equity cushion in order to insure against the depreciation of the property pledged, and in order to insure against the contingency that its loan balance would increase during periods of non-payment or late payment by the Debtor(s) as a result of the accrual of interest and the payment of attorney's fees and costs of collection. Movant's interest, entitled to protection under the Bankruptcy Code, encompasses this equity cushion. The Debtor(s)' failure to make payment in keeping with the terms of the loan documents attached, the accrual of interest, and the payment of attorney's fees and costs necessitated by this proceeding, have substantially diminished Movant's equity cushion, and have exacerbated the lack of adequate protection afforded Movant.

8.      Movant would urge that it is entitled to relief from the automatic stay for cause under 11 U.S.C. §362 (d)(1). In support thereof, Movant would show that the Debtors are not current on Chapter 13 Trustee payments despite a recent modification. According to the Trustee's office, the Debtors are delinquent in the amount of $4,600.00. Additionally, the credit union is not receiving direct payments on the vehicles. There is no equity in the vehicles.

WHEREFORE, Movant prays that the automatic stay in effect in this case be modified, (a) to permit Movant to foreclose upon its security interest in, or mortgage against the following described property, to wit: One (1) 2008 Lincoln Navigator, VIN 5LMFL275X8LJ18901 and One (1) 2014 Ford Escape, VIN 1FMCU0J92EUB61864; (b) to permit Movant to take possession of that property if Movant is not in possession at the time that an Order is entered; (c) to sell that property applying the proceeds of sale to the loan(s) secured thereby, and further that the requirement under Bankruptcy Rule 4001(a)(3) be waived and the Debtor(s) be ordered to place Movant in possession in order to give effect to any Order arising out of this Motion, and (d) that Movant recover its attorney's fees and costs in this behalf expended.  Further, should the Court or the parties to this Motion fashion a remedy which would allow the Debtor(s) to retain the One (1) 2008 Lincoln Navigator, VIN 5LMFL275X8LJ18901 and One (1) 2014 Ford Escape, VIN 1FMCU0J92EUB61864, Movant prays that, at a minimum, it be afforded adequate protection of its interest in its collateral by way of continued provision for full coverage insurance, maintenance of current and prospective payments under the loan or loans made the subject of this Motion, and if applicable, maintenance of current payments through any Chapter 13 Plan in keeping with the terms of that Plan; and for such other and further relief to which Movant may be found justly entitled.

    Respectfully submitted,

    BLALACK & WILLIAMS, P.C.
    Attorneys for Movant

BY:   /s/ Tom W. Sharp
       Tom W. Sharp, ID #00791643
       4851 LBJ Freeway, Ste. 750
       Dallas, TX 75244
       214/630-1916; 214/630-1112 (fax)

CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing document was served upon Jennifer Pence and Travis Pence, Debtor(s), 2002 Hiawatha Blvd, Wichita Falls, TX 76309; Karla M. Balli, Attorney for Debtor(s), 8701 Bedford Euless Road, Hurst, TX 75225; Robert Wilson, Chapter 13 Trustee, 1407 Buddy Holly Ave, Lubbock, TX 79401; upon the U.S. Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242; and upon parties requesting notice, all by first class mail, address correction requested, or e-mail, on this 1st day of February, 2019.

                                              /s/ Tom W. Sharp
                                              Tom W. Sharp

**Parties Requesting Notice:**
Ocwen Loan Servicing, LLC
c/o Cristina Platon Camarata
Codilis & Stawiarski, P.C.
400 N. Sam Houston Pkwy E. Suite 900A
Houston, TX 77060

Pinnacle Credit Services,LLC
c/o Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

THE BANK OF NEW YORK MELLON
c/o Cristina Platon Camarata
Codilis & Stawiarski, P.C.
400 N. Sam Houston Pkwy E. Suite 900A
Houston, TX 77060

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on the 23rd day of January, 2019:

\_\_\_\_ 1(a)    The creditor

XXX    (B)    The creditor's attorney

\_\_\_\_    (C)    made a good faith effort to negotiate a settlement of the dispute with debtor(s)' counsel.

XXX    (D)    attempted to contact debtor(s)' counsel, but debtor(s)' counsel failed to respond to our communication by the same time on the second business day after such communication.

XXX    2(a)    The Motion is opposed.

\_\_\_\_    (B)    The Motion is unopposed.

 

/s/ Tom W. Sharp_____
Blalack & Williams, P.C.